At this time, we'll hear American Empire Surplus Lines versus Colony Insurance Company. Good morning. Good morning, Your Honor. May it please the Court, my name is Monty Sokol. I represent the appellant, American Empire Surplus Lines Insurance Company. What I would like to just stress in the few minutes that we have is that the Court below failed to consider the unique nature of the insurance policy that's at issue here, which is an owner's and contractor's professional liability, protective liability policy. And the key thing that makes this a unique policy is the relationship of the designated contractor, which is a defined term in a policy. Designated contractor triggers the insuring clause. It's found in several conditions of the policy, and it's even found in certain exclusions. However, it's not found in the one exclusion that is relied upon by Colony to avoid coverage for its insured, and that's what's called the subcontractor and independent contractor exclusion. Is this just a drafting glitch, or is it what was intended? I don't believe it was intended at all, because normally what's known as OCP policies is a way to protect an owner from getting into litigation over whether it's an additional insured under a CGL policy. The CGL means comprehensive general liability. Correct. Why don't you use the terms? Certainly. Certainly. I'm sorry. And most of the cases that are included in the decision concern, none of the cases concern OCP policies. Doesn't this clearly just exclude coverage for injuries covered for labor law claims in New York? I don't believe so. It says bodily injury or property damage. Property damage is out under the labor law. But bodily injury sustained by any contractor, subcontractor, independent contractor, or any of their employees. So the way I read the policy is if one of my law clerks is walking by the housing authority and a brick falls on her head, she's covered under the policy because that's an injury caused by the contractor at the direction of the owner. And that's covered under the general policy. But if one of the contractor's employees falls off a ladder, and that contractor then has a claim against the owner, because the owner has a non-delegable duty under the labor law, section 200 and 240, to provide a safe place to work, that this is not primary coverage. How much clearer could it be? Well, it could, first of all, on the issue of whether or not. I mean, that's why you specifically exclude the contract, any contractor, subcontractor, independent contractor, or any of their employees. Well, when it says any. That's simply the purpose of it, isn't it? This policy, and there's case law that we cite in our brief, does show that OCP policies that we have here do cover injuries to employees who are working at a construction site. Although. But, so this policy. It's not. It's not hard to understand. I don't see. Well, what's hard to. There's ambiguity in it. The ambiguity is that while the designated contractor, which is the defined term, did purchase the policy, should have been included. You'd want it to say any other contractor other than the designated contractor. Or put it differently, in the way the exclusion. Does that make perfect sense when it says any contractor? There is no other contractor other than the contractor. Well, by any contractor, then it's unnecessary to say, which is included in the exclusion, independent contractors and subcontractors. Why wouldn't the designated contractor be a contractor? They are a contractor. Yes. But in connection with. No, I'm not suggesting they're not. But in connection with this insurance policy. I'm saying in connection with the insurance policy. We're not speaking generally about contractors. We're talking about the wording of this policy. Well, there's no reason why, in this exclusion, they should not have included designated contractor. You don't think the contractor on notice and the owner on notice as to what the extent of their coverage was under this policy? They also had a secondary policy. You have to represent that client, don't you? That's exactly right. And we're paid. Why do they have a secondary policy? But the policy probably costs less than if this exclusion hadn't been there. Does the record reflect that? Certainly, but it costs. Okay, so now let's talk about New York law. Doesn't New York law tell us to interpret the agreement in the context of how the insured understood the risk as well as the insurer? Certainly, but the insured would not. How would the insured understand this risk? The insured, who is NYCHA, the New York City Housing Authority, purchased this policy so that it could be characterized as a named insured, and it would be primary coverage in the event that there was a claim against NYCHA that might have also been covered under additional insured coverage under a secondary policy. So they bought your policy, huh? They bought several policies. Ah, okay. They bought several policies. And just on the issue of freemium, the commercial general liability policy is much broader, covers all kinds of events, developments. That's true generally, but we're stuck with this policy. Correct? We're stuck with this policy. This policy meaning? I understand the general industry. I spent a couple of years in the appellate division and seven years at the New York Court of Appeals. I remember this language. Is this contract ambiguous? The contract is ambiguous as it relates to designated contractor being considered under this exclusion. It should have said designated contractor because that term is used in other places in this policy. Okay. Also, the only other thing is designated, the court below says that the term all contractors should be given a broad interpretation. And under New York law, which I'm sure that you are aware of, especially when it comes to policy exclusions, it's a strict and narrow interpretation. That might be between the insured, but this is a battle between two insurance companies as to who's first and who's second. Don't we first decide as to an ambiguity and second decide as to what the plain language of the contract means? Yeah. Yes. But even before that, whether or not the provision is applicable. And if it is applicable, whether or not there's ambiguity when you read the entire policy. A couple minutes for a bubble, and we'll hear you then. Thank you. Good morning, your honors, and may it please the court. I'm Ignatius John Melito on behalf of the Appley Colony Insurance Company. I think a big part of my adversary's argument is that these OCP, owner-contractor-protective policies, are supposed to be broad, and this policy doesn't do that. And he's trying to use that theory to make the language ambiguous. However, if you look at the record, this is a very narrow, very special OCP-type policy. It's a low premium. If you look on page 79, you can see that the premium for $1 million in coverage at this large worksite was only $17,000. This exclusion is applicable only to New York employers, right? Yes, because we have the labor law here, and if they want to sell this inexpensive product, they have to exclude worker injuries because New York insurance is very, very expensive. If you look at the premium on the American Empire policy, which provides general liability coverage for worker injuries, for $1 million in coverage there, their premium is $333,000. That's on page 124 of the record. So is this just for passersby? Is that the coverage on this policy? Is that what you're saying? Yeah, pedestrians, passersby, not workers. Workers are covered under their policy. This exclusion says, by its terms, no coverage for bodily injuries sustained by any contractor, subcontractor, independent contractor, or any of their employees. That's broad. On pages 11 and 12 of our brief, we cite a lot of New York State and a few lower court federal decisions interpreting similar exclusions for injuries to contractors, independent contractors, and employees, and they've been upheld as unambiguous and applicable. Here, there's no question that Technico is a contractor, as admitted by my adversary. First of all, common sense. What's a contractor? Someone hired to do work. They were hired to do work. That's a contract, a dictionary. Two, the policy definition of contractor in quotes, which is Technico. Technico is the contractor listed in the declarations, and they're referred to specifically throughout the policy as contractor. But what's the definition of contractor in quotes? It is the contractor designated in the declarations. Obviously, the word contractor includes the universe of all contractors. That also includes the designated contractor. It says it right there. A third reason, if you look at the other insurance clause in the OCP policy issued by Colony, and I quote that on pages 4 and 14 of my brief, it talks about which other policies the Colony policy will contribute with, and it says it will only contribute with policies provided by a contractor other than the designated contractor. So it is there carving the designated contractor out of contractor because they only want to contribute with policies by other contractors. However, the fact that they needed to carve out the designated contractor from the word contractor shows that it's in there if you don't carve it out. What would happen to an injury to an employee of a subcontractor? It would also be excluded under this policy because it's any contractor, subcontractor, or independent contractor. This is a low premium policy for passersby, pedestrians. If it was going to cover workers on a primary basis at this gigantic project, they would have to charge many, many, many times this premium. But Technico bought this product and also bought the other policy, which names housing authority by name as an additional insured, and they paid a very tidy premium for that policy. So there's nothing ambiguous here, and the lower court probably followed prior decisions and interpreted the policy as excluding any contractor which includes Technico or their employees. And by the way, Technico is also an independent contractor, which is also within the exclusion. And we cite cases on page 19 of our brief where the courts in New York have said you can be both a contractor and an independent contractor. They're not mutually exclusive. And what's an independent contractor? Well, someone who's hired to work. They're not put on your payroll. They're not controlled. You don't make their hours or tell them from moment to moment what to do. You hire them to do a job, and they deliver a job. That is what Technico is. They're a contractor hired by housing. Housing would be very surprised if someone claimed that all of those contractors were their employees. They're not their employees. They're independent contractors. And that phrase there, sort of, again, they're trying to make sure with the wording here to exclude everybody, so they have words that are somewhat duplicative and overlapping, but that phrasing, no coverage for any contractor, any subcontractor, any independent contractor, or any of their employees, bespeaks an intent that this, as Judge Wesley pointed out, is not intended to cover labor law injuries. It's only for pass or buy injuries. And this being a labor law case, and this is the main risk Technico presents for these kind of policies, that their workers would be injured, they would then sue the owner, and the owner would then turn to Technico's carriers and say, cover us. This policy says it's not us. We don't do it. We only cover the pass or buy. It's the American Empire policy, which conceitedly does cover this, that is the one that should answer this. So unless the Court has any other questions, I would just rest by saying that the decision below is very well reasoned. It covers everything, and it should be affirmed. Thank you. Thank you. We'll hear rebuttal. First off, neither colony nor the district court below cite to any case that concerns an OCP policy. In fact, while OCP policies may be triggered by non-worker accident cases, they also apply to construction worker accident cases, and we cite two of the lower court decisions. One, Arch Insurance from Southern District. They're not illegal, though, are they? I mean, an exclusion of a contractor's employees for labor law claims aren't illegal in New York, are they? Not illegal. So the fact that the industry, some policies, OCP policies, have that doesn't mean that others don't. Well, that's correct. There's no distinction that was made. Why don't you use the microphone? It makes it easier to hear you. I'm sorry. It's correct that there are some policies that do as you say. What if this was a – go ahead. I'm sorry. No, I was just going to say that there's no attempt to distinguish the OCP cases that we do cite concerning what is covered here and what triggers folks who are covered. Well, let me ask you a question. If this had been a subcontractor of Technico, a subcontractor of the designated contractor, and one of their employees fell off of a ladder, would that employee's injuries be covered under the policy? It's a subcontractor of the designated contractor. Is that different than any subcontractor? I would say yes because of the distinction that's made for designated contractors. And if you're other than a designated contractor, this argument is not in effect. So you would say that they would not be covered, their claims would not be covered? An employee of a subcontractor probably under this would not be covered. But we're working – I just want to make it clear – we're working under the employee who was injured was an employee of the designated contractor. This produces a curious result. So it is any subcontractor, but it's not any contractor. Only because of the issue of what a designated contractor means in this policy and what the interpretation and the intent was. Thank you. Thank you. Both will reserve decision.